San Antonio & Aransas Pass Railway Company v. Pratt & Young.

No. 390.—Decided March 3, 1896.

1. Charge—Double Damages—Delay in Cattle Shipment.

In a suit against a railway company, for damages by injury to cattle caused by delay in furnishing cars for carrying them from Lott, Texas, to Chicago, see opinion for charge of court held not subject to the objection that it held defendant liable for double damages, in permitting plaintiff to recover depreciation in the value of the cattle at Lott caused by the delay before shipment, and also the difference between their market value in Chicago at the time they arrived and that at the time they would have arrived, had there been no delay. (Pp. 310, 311.)

2. Same—Measure of Damages.

The measure of damages for such delay is the difference between the market value of the cattle at the place of their destination, on the day the carrier agreed to deliver them, and the day on which it did deliver them at such place. See opinion for charge on this subject held not prejudicial, but rather, too favorable to defendant. (Pp. 311, 312.)

Questions certified by the Court of Civil Appeals for Third District in an appeal from Falls County.

*A. W. Houston* and *Baker & Prendergast*, for appellant.

DENMAN, Associate Justice.—Pratt and Young sued the S. A. & A. P. Ry. Co. for $1600 damages, alleging that the company agreed to furnish cars at 1 o'clock June 10, 1892, for the shipment of plaintiffs' cattle over defendant's road so that they would reach Chicago for market on the 14th; that relying upon such agreement, plaintiffs brought a large number of cattle to Lott between 12 and 1 o'clock on the 10th, to be loaded on said cars for shipment, but defendant failed to furnish said cars until the 11th, whereby plaintiffs were compelled to hold their cattle in a crowded pen over night, whereby the cattle were damaged in a specified amount; that by reason of the delay in furnishing the cars the cattle failed to reach Chicago on the 14th as contemplated, and before they reached said point the market had greatly declined, whereby plaintiffs were damaged in the difference between the market price for that class of cattle on the 14th and on the day of arrival, in a specified amount.

The evidence tended to support the allegations in the petition, and the court charged the jury on the measure of damages as follows:

(1) "If you find that the defendant company failed and neglected to provide and furnish stock pens and cattle cars as above stated, and you further find that said cattle was then and there damaged, then you will find for the plaintiffs in such sum of actual damages as in your judgment they may be entitled to, under the evidence before you touching the condition of said cattle at the time they arrived at Lott, Texas,. and the time they were placed upon the cars at said point.

(2) "Then you will consider and determine, from all the evidence before you, whether the delay at Lott, Texas, or not, if any, was in fact the

cause of a delay in reaching the Chicago market at the date agreed upon in the verbal contract, if any, entered into on June 6, 1892, and if you find that such delay at Lott, Texas, did in fact cause the cattle so shipped to reach the Chicago cattle market after the date agreed upon, if any, then, and in that event, if you find that the plaintiffs were damaged by such failure to reach the Chicago market at the date agreed upon, if any, you will find for the plaintiffs such sum as in your judgment they may be entitled to, being guided by the following rule: The true measure of damages under the above proposition is the difference between the market price of such cattle as were shipped on the day at which it was agreed they should be delivered in Chicago, and the market price of the same class of cattle in the same market on the date said cattle should have been delivered in Chicago, leaving Lott, Texas, at nine o'clock A. M. June 11, 1892."

The jury returned a verdict in favor of plaintiffs for $500. The statement of the Court of Civil Appeals from which the brief synopsis above is made contains fifteen pages of pleadings, evidence and charge of court, which we do not deem it necessary to insert in full. Upon such statement the Court of Civil Appeals have certified to this court the following questions:

"1. Does the charge correctly state the measure of damages? or

2. Does the charge authorize a double recovery?

3. If it does not, was it calculated to mislead the jury as to the measure of damages?"

It will be observed that the first section of the charge directed the jury to ascertain and allow the amount of damages suffered by plaintiffs by reason of their cattle being confined in pens at Lott, and then the second section of the charge directed them to ascertain and allow the amount of damages suffered by plaintiffs by reason of the failure of "such cattle as were shipped" to reach Chicago on the 14th. We do not understand the last section of the charge as authorizing the jury to find any damages that occurred by injury to the cattle from being confined in the pens at Lott. It deals with them as being shipped in such damaged condition, and directs the jury to find (1) what such damaged cattle would have brought in the market in Chicago on the 14th; and (2) what they would have brought if they had arrived without delay on the route, after having left Lott on the 11th, and to allow plaintiffs as damages under such section of the charge the difference between such market prices. If this construction of the charge be correct, it follows that no double recovery was allowed and that it gave the true measure of damages, or at least the measure so given by the entire charge is not unfavorable to defendant, as it does not allow plaintiffs to recover for any enhanced injury to the cattle after leaving Lott, following as a consequence of their damaged condition at the time they were there placed upon the cars. Appellant contends that "the measure of damages is the difference between the market value of the cattle at the place of their destination on the day appellant agreed to deliver them, and the

day on which appellant did deliver them at the place of their destination." This rule is correct and would have authorized the jury to allow plaintiffs such damages as they may have suffered by reason of the enhanced injuries to the cattle on the route from Lott to Chicago occasioned by the injuries inflicted upon them by their confinement at Lott, which item of damages, we have seen, was not authorized by the charge of the court. Thus the charge given allowed plaintiffs to recover less than the correct charge suggested in appellant's brief. We therefore answer that, while the charge does not correctly state the measure of damages, it is more favorable to appellant than authorized by the evidence, and that it does not authorize a double recovery, nor was it calculated to mislead the jury to appellant's prejudice as to the measure of damages.